## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID HACKBART,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **No.: _____** |
| **THE CITY OF PITTSBURGH,** ) | |
| and **SGT. BRIAN ELLEDGE,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **COMPLAINT**

1.  This is an action for declaratory judgment and money damages brought under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution against the City of Pittsburgh Police Department and Sergeant Brian Elledge, Shield No. 3419 (hereinafter "Sgt. Elledge"), the officer who committed the acts complained of herein. Plaintiff alleges that the Pittsburgh Police Department has a custom, pattern, practice, and/or policy of authorizing its officers to issue citations illegally to citizens under Pennsylvania's disorderly conduct statute based on their use of speech protected by the First Amendment. Plaintiff further alleges that the Pittsburgh Police Department fails to appropriately train and/or discipline its officers who issue said citations illegally. Pursuant to this custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, Sgt. Elledge unlawfully issued a citation and maliciously prosecuted Plaintiff based solely on Plaintiff's conduct of giving the middle finger in objecting to Sgt.

Elledge's verbal direction to refrain from giving the middle finger to another citizen.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 1983. This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

3. Plaintiff, David Hackbart, is an adult residing within this district in Pittsburgh, Pennsylvania.

4. Defendant, City of Pittsburgh, is a municipal government entity organized under the laws of Pennsylvania, with its main offices located at 414 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219. The Pittsburgh Police Department has a legal responsibility to operate according to the laws of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution.

5. Defendant Sgt. Elledge is a police officer employed by and acting under the authority of the Pittsburgh Police Department. Plaintiff names Sgt. Elledge in his individual capacity.

6. At all relevant times, the Defendants acted under color of state law. At all relevant times, Defendant Sgt. Elledge acted within the scope of his employment by Defendant, City of Pittsburgh Police Department.

## **GENERAL ALLEGATIONS**

A.      **Events Leading to Sgt. Elledge's Unlawful Citation to Plaintiff**

7.      On April 10, 2006, Plaintiff was attempting to parallel park on Murray Avenue in the Squirrel Hill section of Pittsburgh, Pennsylvania.

8.      As Plaintiff was in the course of backing into the open parking space on Murray Avenue, a car pulled up behind Plaintiff's automobile, effectively blocking Plaintiff's entry into his desired parking spot.

9.      Plaintiff expressed his discontent with the driver of the automobile behind him by giving him the middle finger.

10.     As Plaintiff gave the other driver the middle finger he heard a voice outside of the vehicle instruct him, "Don't flip him off."  Upon hearing this, Plaintiff proceeded to give the middle finger to the person speaking to him.

11.     The person who instructed Plaintiff not to give the middle finger to the other driver was Sgt. Elledge, who was seated in his patrol car at this time.

12.     Sgt. Elledge then turned on his patrol lights and conducted a vehicle stop of Plaintiff.

13.     During the vehicle stop, Sgt. Elledge demanded Plaintiff's driver's license and social security number and continued to shout at Plaintiff:  "You don't flip me off!"

14.     At all times, Plaintiff was acting lawfully and did not engage in illegal activity at any time.

15. At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to himself or others, or disorderly. Plaintiff did not commit any criminal offenses.

### B.  Unlawful Criminal Citation

16. Sgt. Elledge issued Plaintiff a citation charging him with violating Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), based on Plaintiff's conduct of giving the middle finger to Sgt. Elledge and the other unidentified driver.

17. Subsection (a)(3) of Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), makes it a crime to "use[] *obscene* language, or make[] an *obscene* gesture" with intent to cause public inconvenience, annoyance or alarm, or recklessly creating the risk thereof…" (emphasis added). The statute provides for a fine not to exceed $300 and/or imprisonment for a term not to exceed ninety (90) days.

18. The courts have interpreted the language of the disorderly conduct statute narrowly to permit application only when the language or gesture satisfies the United States Supreme Court's test for obscene sexual conduct.

19. Sgt. Elledge did not attend the Plaintiff's preliminary hearing held on June 12, 2006.

20. At the conclusion of the preliminary hearing held on June 12, 2006, and without hearing testimony from Defendant, a district justice found

4

Plaintiff guilty of violating the disorderly conduct statute and imposed a fine and court costs totaling $119.75.

21. On June 12, 2006, Plaintiff promptly filed an appeal and paid a filing fee of $50 to the Allegheny County Clerk of Courts. A hearing for Plaintiff's summary appeal was scheduled for October 17, 2006.

22. On or about October 17, 2006, the Allegheny County District Attorney's Office withdrew the disorderly conduct charges against Plaintiff.

23. As a direct and proximate result of Defendants' actions, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from criminal prosecution or to be retaliated against in any way for engaging in constitutionally protected speech;

    b. Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from an unreasonable search and seizure of his person;

    c. Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from malicious prosecution;

    d. Loss of his physical liberty;

  e.  Monetary loss of $590 ($50 filing fee for summary appeal, $240 for airline ticket from Tampa, Florida, to Pittsburgh, Pennsylvania, to attend preliminary hearing, and $300 for loss of wages to attend preliminary hearing); and

  f.  Physical pain and suffering, emotional trauma, humiliation and distress.

24. Upon information and belief, the Pittsburgh Police Department, by virtue of custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, authorizes its police officers to act in an unconstitutional fashion by enforcing 18 Pa. Cons. Stat. Ann § 5503(a)(3) against people who merely use supposedly obscene gestures, which is, nevertheless, constitutionally protected speech.

25. Upon information and belief, Defendant Pittsburgh Police Department's policymakers and officials are deliberately indifferent, fail to appropriately train, and/or discipline its officers regarding the misapplication of the disorderly conduct statute to arrest and prosecute people engaged in constitutionally protected expressive activity.

## COUNT I

26. Defendants' application of Pennsylvania's disorderly conduct statute, 18 Pa. Cons. Stat. Ann. § 5503(a)(3), to arrest and prosecute Plaintiff for engaging in constitutionally protected speech violated the First Amendment to the United States Constitution as it applies to the states through the Fourteenth Amendment to the United States Constitution.

## COUNT II

28.     Sgt. Elledge's vehicle stop and subsequent detention of Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment right to be free from unreasonable searches and seizures, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

## COUNT III

29.     Defendants' prosecution of Plaintiff without appropriate legal foundation violated his Fourth Amendment right to be free from malicious prosecution, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff, David Hackbart, requests that this Honorable Court grant the following relief:

  a.    Enter a declaratory judgment that the Defendants applied 18 Pa. Cons. Stat. Ann. § 5503(a)(3) in an unconstitutional fashion when Sgt. Elledge detained and issued a citation to Plaintiff;

  b.    Enter a declaratory judgment that the Defendant municipality has a custom, pattern, practice, and/or policy of applying 18 Pa. Cons. Stat. Ann. § 5503(a)(3) in an

      unconstitutional manner to retaliate against, and chill, citizens' First Amendment free-speech rights;

c. Enter an award for compensatory damages against all Defendants, jointly and severally, and enter an award for punitive damages against Defendant Sgt. Elledge, in an amount to be determined at trial;

d. Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1988; and

e. Enter such other relief as this Honorable Court may deem just and deserving.

      */s/ Thomas J. Farrell*
Thomas J. Farrell, Esquire
PA ID No.: 48796

      */s/ Valerie M. Antonette*
Valerie M. Antonette, Esquire
PA ID No.: 93407

REICH, ALEXANDER, REISINGER & FARRELL, LLC
1000 Koppers Building
436 7th Avenue
Pittsburgh, PA  15219
(412) 391-3700
(412) 391-5323 – facsimile
tfarrell@reichalexander.com
vantonette@reichalexander.com

    */s/ Witold J. Walczak*
Witold J. Walczak, Esquire
PA ID No.: 62976

    */s/ Sara J. Rose*
Sara J. Rose, Esquire[*]

American Civil Liberties Foundation
of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
(412) 681-7864
vwalczak@aclupgh.org
srose@aclupgh.org

On behalf of the American Civil
Liberties Foundation of
Pennsylvania

Counsel for Plaintiff,
David Hackbart

---

[*] Not a member of the Pennsylvania Bar, but admitted to the bar of this Court. Admitted in the District of Columbia and the Commonwealth of Virginia; supervised by Witold J. Walczak, Esq., a member of the Pennsylvania Bar.